995 So.2d 1100 (2008)
Jerome R. TOCHA, Appellant,
v.
Lamar E. RICHARDSON and Dollar Thrifty Automotive Group, Inc., an Oklahoma corporation, Appellees.
No. 4D07-3640.
District Court of Appeal of Florida, Fourth District.
November 26, 2008.
Rehearing Denied January 5, 2009.
*1101 Roy D. Wasson of Wasson & Associates, Chartered, Miami, and David J. Chesnut, P.A., Stuart, for appellant.
Philip Glatzer of Marlow, Connell, Abrams, Adler, Newman & Lewis, Coral Gables, for appellee Dollar Thrifty Automotive Group, Inc.
SHAHOOD, C.J.
Appellant, Jerome R. Tocha, appeals from the trial court's final judgment in favor of Dollar Thrifty Automobile Group, Inc. Appellant sued Dollar Thrifty and Lamar E. Richardson after Dollar Thrifty rented a vehicle to Richardson on a short-term basis that was involved in a collision with appellant's vehicle, resulting in injuries to appellant. Count I alleged negligence on the part of Richardson. Count II, against Dollar Thrifty, was based on a theory of vicarious liability. Dollar Thrifty filed an answer in which it denied the material allegations of appellant's amended complaint and raised various affirmative defenses. Among those defenses was Dollar Thrifty's defense that the Federal Transportation Act rendered it not liable to the plaintiff in the absence of negligence or criminal wrongdoing by Dollar Thrifty.
The parties filed cross-motions for summary judgment on the issue of the effect of the Graves Amendment to the Federal Transportation Act, 49 U.S.C. § 30106 (2005). Appellant argued the Graves Amendment could not provide immunity to Dollar Thrifty for three reasons. First, appellant argued the Graves Amendment expressly provides that it does not preempt state financial responsibility laws, and appellant claimed section 324.021(9)(b)2, Florida Statutes (2003), is such a law. Second, appellant argued that the Graves Amendment could not constitutionally be applied retroactively to abolish his vested right, because appellant's cause of action accrued prior to the effective date of the Graves Amendment.[1] Third, appellant argued that the Graves Amendment unconstitutionally exceeded the power of Congress to legislate on interstate commerce. Dollar Thrifty maintained that the Graves Amendment preempts Florida's vicarious liability scheme under the common law Dangerous Instrumentality Doctrine in *1102 lawsuits against short term lessors of motor vehicles.
After a hearing, the trial court issued an order on the parties' cross-motions for summary judgment on the federal immunity issue. The court granted Dollar Thrifty's motion for partial summary judgment and denied appellant's motion. The court found that the issue was whether section 324.021(9)(b)(2) is a "financial responsibility law" and thereby excepted from preemption under the Graves Amendment. Based on the decision of the United States District Court for the Middle District of Florida in Garcia v. Vanguard Car Rental USA, Inc., 510 F.Supp.2d 821, 825 (M.D.Fla.2007), aff'd, 540 F.3d 1242 (11th Cir.2008), the trial court found that section 324.021(9)(b)(2) was not a financial responsibility law because it did not impose liability on car rental companies for failing to meet financial responsibility or liability insurance requirements under state law. The court also rejected appellant's argument that the Graves Amendment was unconstitutional.
The facts of this case are virtually identical to the facts in Vargas v. Enterprise Leasing Co., 993 So.2d 614 (Fla. 4th DCA 2008), just decided by this court. In Vargas, this court, sitting en banc, followed Garcia and held that the Graves Amendment, 49 U.S.C. § 30106, preempted section 324.021(9)(b)(2), Florida Statutes (2007), involving rental or leases of a motor vehicle for a period of less than one year.
As in Vargas, we affirm the trial court's ruling and certify the following as a question of great public importance:
Does the Graves Amendment, 49 U.S.C. § 30106, preempt section 324.021(9)(b)(2), Florida Statutes (2007)?
Affirmed.
GROSS, J., concurs.
HAZOURI, J., dissents with opinion.
HAZOURI, J., dissenting.
I respectfully dissent for the same reasons set forth in my dissent in Vargas v. Enterprise Leasing Co., 993 So.2d 614 (Fla. 4th DCA 2008) (en banc).
GROSS, J., did not participate in oral argument, but has had the opportunity to review the entire proceedings.
NOTES
[1] The accident giving rise to appellant's cause of action occurred in 2003. The effective date of the Graves Amendment was August 10, 2005. Appellant filed his action after the effective date of the Graves Amendment.